United States District Court
Middle District of Florida
Jacksonville Division

**JOHAN BOWMAN,**

 Plaintiff,

v.                No. 3:21-cv-800-BJD-LLL

**RELIANT ROOFING, INC.,**
**A FLORIDA CORPORATION,**

 Defendant.
_____

### Report and Recommendation

In this case under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201, *et seq.*, the parties move for the approval of their settlement agreement and a stipulated judgment of dismissal, docs. 17 and 19.[1] The motion has been referred for the issuance of a report and recommendation as to whether the proposed settlement is a "fair and reasonable resolution of a bona fide dispute," as required by *Lynn's Food Stores, Inc v. U.S. ex rel. Dep't of Lab.*, 679 F.2d 1350, 1355 (11th Cir. 1982). *See* doc. 6 ¶ 6.

### Background

Reliant Roofing, Inc. is Jacksonville, Florida-based roofing, solar, and hurricane shutter installation company, doc. 19 ¶ 3. Johan Bowman was hired by

---

[1] Docket entry 17 is the parties' "Joint Motion for Approval of Settlement and Referral to Magistrate Judge for Hearing." Docket entry 19 is the parties' Joint Memorandum in Support of Joint Motion for Approval of Settlement, which was filed at the direction of the Court, *see* doc. 18.

1

Reliant in June 2020 and served as the claims coordinator in Reliant's insurance department, which assists customers with claims for insurance payment for roofing needs caused by weather-events, among other things. *Id.* ¶ 2. As claims coordinator, Bowman was responsible for various projects, including preparing estimates, scheduling field adjuster appointments, discussing issues between Reliant and insurers about customer claims, handling appraisal, training sales team members on how to identify storm damage, and performing site damage assessments as needed, *id.* ¶ 4.

Bowman worked for Reliant from June 8, 2020, until April 5, 2021, and was paid an annual salary of $60,000, *id.* ¶¶ 5, 6. Reliant, in its offer letter, classified Bowman as exempt from overtime pay based on his job duties, explained that he would fill the senior position in the insurance department, and offered him a commission on insurance claims that were "successfully completed, produced, and collected by Reliant Roofing, Inc." Doc. 19 ¶ 5.

On August 19, 2021, Bowman filed a collective action complaint alleging Reliant violated the FLSA by erroneously classifying him as an exempt, salaried employee and failing to compensate him appropriately when he worked more than 40-hours per week. Doc. 1 ¶¶ 10-15. Bowman alleged he was due $59,712.60 in overtime pay based on 1,380 hours worked; and liquidated damages of $59,712.60, docs. 19 ¶ 12; 8-1 at 1.[2] Under their proposed settlement, Reliant agrees to pay Bowman $17,500 for unpaid wages, and $500 as "separate consideration for a release of all claims of any

---

[2] The Complaint alleges that he worked 963 overtime hours. *See* doc. 1 ¶ 11.

2

kind arising out of or relating to Bowman's employment with Reliant." Doc. 19 at 15-16. Bowman has agreed to waive liquidated damages. Reliant also agrees to pay Bowman's attorneys' fees of $11,500 and costs of $500. The parties assert that the settlement is fair and reasonable, *id.* at page 7, and request court approval of the agreement.

## Authority

The FLSA reflects Congress' intent "to protect certain groups of the population from substandard wages and excessive hours which endangered the national health and well-being and the free flow of goods in interstate commerce." *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). The Eleventh Circuit has explained that "[t]o further the goals of protecting employees from abusive labor practices, Congress set federal standards regarding minimum wages and child labor, and established a forty-hour workweek." *Rock v. Ray Anthony Int'l., LLC*, 380 F. App'x 875, 876 (11th Cir. 2010). Unlike many legal claims, the parties may not bargain away the FLSA's protections. *O'Neil*, 324 U.S. at 708. If an employee proves a violation of the FLSA, the employer must pay him the unpaid wages, an equal amount of liquidated damages, and reasonable attorney's fees and costs of the action. 29 U.S.C.§ 216(b). There are two ways to settle and employee FLSA claim: one is where an employee accepts payment issued directly under the supervision of the Secretary of Labor; the other is pursuant to a stipulated judgment entered by a court that has reviewed the proposed settlement. *Lynn's Food Stores,* 679 F.2d at 1353, 1355.

In acknowledgment of FLSA's public policy considerations, such as the unequal bargaining power between employees and their employer, the Eleventh Circuit has limited the ability of private parties to independently settle suits brought under the act. *Nall v. Mal-Motels, Inc.*, 723 F.3d 1304, 1307 (11th Cir. 2013). Thus, in an action brought under 29 U.S.C. § 216(b) for "back wage[s] or liquidated damage[s]," the Court must "scrutinize[] the settlement" and make a finding that the proposed compromise represents a "fair and reasonable resolution of a bona fide dispute over the [FLSA]'s provisions." *Lynn's Food Stores,* 679 F.2d at 1353, 1355. If the settlement agreement reflects a reasonable compromise, the Court may "approve the settlement . . . to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

A court should presume that a settlement is fair and reasonable. *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977). "In addition to examining the merits of a proposed settlement and ascertaining the views of counsel . . . practical considerations may be taken into account." *Id.* at 1330. Factors of note include the complexity of the case, costs of litigation, the stage of the proceeding, whether there was fraud or collusion, the range of possible recovery, counsel's opinion, and the likelihood of plaintiff prevailing on the merits of the case. *Leverso v. S. Trust Bank of Ala., Nat'l. Ass'n*, 18 F.3d 1527, 1530 n.6 (11th Cir. 1994).

The FLSA provides for reasonable attorneys' fees. 29 U.S.C.§ 216(b). If the parties negotiated attorneys' fees separately from the damages to be awarded to the plaintiff, which protects from "conflict . . . taint[ing] the settlement," then the court

4

need not undertake a lodestar review of the attorneys' fees for reasonableness. *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M. D. Fla. 2009).

## Analysis

The parties represent their proposed settlement is a fair and reasonable resolution of a bona fide dispute as required by *Lynn's Foods*. Having considered the parties' motion and memorandum, scrutinized the settlement agreement, and reviewed Bowman's offer letter, docs. 17, 19, 19-3, 19-2, I find the settlement agreement should be approved, particularly considering the uncertain outcome of further litigation. The parties acknowledge that they disagree about a fundamental and ultimately dispositive issue in the lawsuit: whether Bowman fell under the administrative exemption to the FLSA.[3]

If an employee works over forty hours in a week, he must be compensated by his employer at a rate of at least time-and-a-half for each hour over forty. 29 U.S.C. § 207(a)(2). But "if the employee works in a 'bona fide executive, administrative, or professional capacity,' then the overtime pay requirements do not apply." *Rock*, 380 F. App'x at 877 (quoting 29 U.S.C. § 213(a)(1)). The administrative exemption applies if: (1) the employee is paid no less than $684 per week; (2) the employee's "primary duty is the performance of office or on-manual work directly related to the management or general business operations of the employer or the employer's

---

[3] Reliant also disputes Bowman worked the number of overtime hours he claimed, doc. 19 at 6.

customers"; and (3) the employee's "primary duty includes the exercise of discretion and independent judgment with respect to matters of significance." 29 C.F.R. § 541.200(a).

The parties concede that Bowman receives at least $ 684 per week in salary (the first prong of the section 541.200(a) inquiry), and that his primary duties were non-manual and related to the general business operations of Reliant (the second prong of the section 541.200(a) inquiry). Doc. 19 at 11-12. The parties, however, disagree as to the third-prong: whether Bowman exercised independent judgment and discretion in matters of significance. *Id.* Reliant argues that in Bowman's role as claim coordinator, he was responsible for inspecting roof damages, reviewing estimates, negotiating with insurers, and making damage claims, a position akin to an insurance claims adjuster, who expressly fall under an administrative exemption in 29 C.F.R. § 541.203(a). *Id.* at 12-13. Bowman acknowledges the similarities of the job description of his position at Reliant and that of an insurance claim adjuster, but contends the day-to-day tasks of his job required supervisor approval. Thus, he argues, he did not have the requisite discretion to qualify for the exemption. *Id.* at 13.

Both parties acknowledge the "all or nothing" nature of the dispute: if Bowman was exempt, he would recover nothing on his FLSA claims; if Bowman was not exempt, Reliant could be liable for some or all of his overtime claims, attorneys' fees, and liquidated damages. Doc. 19 at 15. Whether Bowman qualified for the administrative exemption is a fact-intensive question, requiring extensive discovery which reduces the probability that matter could be resolved through motion practice,

and increases the likelihood of a trial. I find the unknown outcome of this matter supports the acceptance of the settlement agreement.

In support of their proposed settlement, the parties explain they engaged in "significant" settlement negotiations, which included the exchange of offers and counteroffers; that the agreement was negotiated independently, in good faith, and at arm's length in hopes of reaching the compromise presented to the Court, doc. 19 at 10; and that the final agreement to settle was reached about two months after the lawsuit was filed. *See* docs. 1, 14. The parties also engaged in both informal and formal discovery and document exchange before the case was filed and as required under the Case Management and Scheduling Order entered by the Court, doc. 6. *See also* docs. 11, 19 at 5.

The Court acknowledges the significant difference between the overtime wages first claimed by Bowman ($59,712.60) and the settlement amount ($17,500);[4] however, given the uncertain outcome of the litigation, the protracted cost of extended fact discovery, the good-faith and the independent effort by counsel to negotiate this agreement, the Court finds the settlement agreement to be fair and reasonable. *See, e.g. DeGraff v. SMA Behav. Health Servs., Inc.*, 945 F. Supp. 2d 1324, 1328 (M.D. Fla. 2013) (finding a settlement was a reasonable compromise where there was a bona fide dispute over whether the employee was exempt from the FLSA, the time worked,

---

[4] According to counsel, the settlement was reached by applying a half-time rate to Bowman's disputed claims, as opposed to his full-time rate, reducing his alleged overtime to $19,904.20, doc. 189 at 8. He then took a small reduction of that amount to $17,500, doc. 19 at 16.

whether the conduct was willful, and whether plaintiff was entitled to liquidated damages). *See also, e.g. Reese v. Fla. BC Holdings, LLC*, No. 6:17-cv-1574-Orl-41GJK, 2020 WL 10486251, *5 (M.D. Fla. June 8, 2020) (collecting cases) (explaining that FLSA settlements containing the waiver of liquidated damages have been approved where the parties represent that there is a bona fide dispute as to whether plaintiff was entitled to such damages).

In assessing the fairness of the settlement agreement, the undersigned must also consider whether the release of claims renders it unreasonable. Notably, "[c]ourts typically disfavor general release clauses in FLSA settlement agreements." *Id.* at 1329. *See also Bright v. Mental Health Res. Ctr. Inc.*, No. 3:10-cv-427-J-37TEM, 2012 WL 868804, at *4 (M.D. Fla. Mar. 14, 2012) ("Pervasive, overly broad releases have no place in settlements of most FLSA claims.").

Here, section 4 of the settlement agreement contains a release of all claims of any kind arising out of or relating to Bowman's employment with Reliant, including any potential causes of action related to his termination and unpaid commissions. Doc. 19-3 at 3-4. Section 6 requires the parties to keep the terms of the settlement agreement confidential, except for tax, legal or financial planning services, or as otherwise required by law or court order, *id.* at 4; section 7 outlines the consequences of a breach of the confidentiality agreement. *Id.* at 5; and section 3 provides that Bowman will receive separate consideration of $500 for the release in section 4 and the confidentiality obligations in section 6. *Id.* at 10.

Determining whether a settlement agreement is fair "requires judicial assessment of the proposed consideration including forgone claims." *Sherarer v. Estep Const., Inc.*, No. 6:14-cv-1658-Orl-41GJK, 2015 WL 2402450, at *3 (M.D. Fla. May 20, 2015). General releases are problematic in FLSA cases because a reviewing Court is in no position to review unknown claims and their potential value. *Duffey v. Surfside Coffee Co., LLC*, No. 2:20-cv-501-JES-MRM, 2022 WL 766904, at *3 (M.D. Fla., Jan. 1, 2022) (citations omitted). *See also Menjiva v. E&L Const. Serv.,* LLC, No. 6:15-cv-2057-Orl-31KRS, 2015 WL 3485991, at *3 (M.D. Fla. June 2, 2015) (citations omitted) (explaining that general releases and confidentiality provisions are often disfavored because they are viewed as affecting both the reasonableness and fairness of an FLSA settlement). But "such provisions may be accepted when the Court can determine that such a clause is fair and reasonable under the facts of the case." *Duffey*, 2022 WL 766904, at *3 (citations omitted).

Courts in the Middle District of Florida have approved settlement agreements where "the employee received additional consideration in exchange for concessions to the employer that went beyond the release of the FLSA claim." *Caamal v. Shelter Mortg. Co., LLC*, No. 6:13-cv-706-Orl-36KRS, 2013WL5421955, at *4 (M.D. Fla. Sept. 26, 2013) (collecting cases). *See also Lopez v. Neoguard Pest Sol. Servs., Inc.*, No. 6:19-cv-364-Orl-40DCI, 2019 WL 5188331, at *1 (M.D. Fla. Aug. 12, 2019), *report and recommendation adopted*, 2019 WL 5188229 (M.D. Fla. Aug. 27, 2019) (approving a FLSA settlement agreement where a general release was obtained with $1,000 as

9

separate consideration from the amount awarded for unpaid wages and liquidated damages); *Ramos v. Acute Patient Care, Inc.*, No. 6:16-cv-1437-Orl-40GJK, 2017 WL 1379825, at *5 (M.D. Fla. Apr. 6, 2017), *report and recommendation adopted*, 2017 WL 1365642 (M.D. Fla. Apr. 14, 2017) (finding the general release, confidentiality and non-disparagement provisions to be reasonable when the defendants gave separate consideration for the provisions and the parties provided statements about why the provisions were in the agreement); *Middleton v. Sonic Brands L.L.C.*, No. 6:13-cv-386-Orl-28KRS, 2013 WL 4854767, at *2-*3 (M.D. Fla. Sept. 10, 2013) (holding $100 separate consideration "for the release of claims not asserted in the complaint" did not render the FLSA settlement unfair or unreasonable).

Because the confidentiality clause and general release are supported by separate consideration, I do not find the settlement agreement unfair or unreasonable. Bowman received additional monetary consideration for the release of his claims related to his employment, including allegedly unpaid commissions, which he claimed entitlement to in a demand letter before filing this case, doc. 19 at 17,[5] and the parties represent the resolution of this claim was part of the settlement negotiations, doc. 19 at 10. *See, e.g. Smith v. Aramark Corp.*, No. 6:14-cv-409-Orl-22KRS, 2014 WL 5690488, *4 (M.D. Fla. Nov. 4, 2014)(citations omitted) (explaining that "[i]n a number of cases, the judges in this district have approved settlement agreements when the employee

---

[5] In the demand letter, Bowman asserted he was entitled to $37,500 in allegedly unpaid commissions. Reliant maintains that Bowman was paid all the commission he was owed.

10

received additional consideration in exchange for concessions to the employer that went beyond the release of the FLSA claim[;]" and holding that the confidentiality and non-disparagement clauses before it, which were supported by separate consideration, did not make the settlement unfair and unreasonable). I am satisfied that the general release and confidentiality clause do not affect the overall reasonableness and fairness of the settlement agreement.

As for the award of attorneys' fees, the parties represent that they were negotiated "separately and without regard to the amount paid to [Bowman]." Doc. 19 at 20. *See Bonetti*, 715 F. Supp. 2d at 1229 (concluding that the attorneys' fees having been addressed "independently and seriatim [give] no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff[s'] settlement."). Reliant does not contest the award of fees. Doc. 21, page 7. Having determined that the settlements are facially reasonable and having no reason to believe the recovery negotiated was adversely affected by the fee award, I recommend approval of the settlement agreement, and need not undertake a lodestar review. *See Bonetti*, 715 F. Supp. 2d at 1228.

## Recommendation[6]

I respectfully recommend:

1. the Joint Motion for Approval of Settlement Agreement, doc. 21, be **granted** and that the Court enter an Order and Stipulated Final Judgment **approving** the parties' settlement agreement;

2. this case be **dismissed with prejudice**;

3. the Clerk be directed to **close** the file.[7]

**Entered** in Jacksonville, Florida, on May 12, 2022.

LAURA LOTHMAN LAMBERT
United States Magistrate Judge

c:
Honorable Brian J. Davis, United States District Judge
David M. Cozad, Esquire
Chad E. Levy, Esquire

---

[6] This recommendation is not intended to suggest that the Court enter judgment *against* Reliant. Rather, this recommendation is that the Court enter a combined Order and Stipulated Final Judgment approving the parties' Settlement Agreement because, as stated in *Lynn's Food Stores*, 679 F.2d at 1355, "there is only one context in which compromises of FLSA back wage or liquidated damage claims may be allowed: a stipulated judgment entered by a court which has determined that a settlement proposed . . . under the FLSA[ ] is a fair and reasonable res[o]lution of a bona fide dispute."

[7] "Within 14 days after being served with a copy of [a report and recommendation on a dispositive issue], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id*. A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Order (Doc. No. 3), No. 8:20-mc-100-SDM, entered October 29, 2020, at 6.